IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEAN EUGENE GAMBLE SR.,

        Petitioner,

v.                                    CIVIL ACTION NO. 2:10-cv-00690

ADRIAN HOKE,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

      Before the Court is Respondent's Motion for Summary Judgment [Docket 29]. By Standing Order entered August 1, 2006, and filed in this case on April 30, 2010, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her PF&R [Docket 54] on July 14, 2011, recommending that this Court grant Respondent's motion for summary judgment and remove this matter from the Court's docket.[1] Objections to the PF&R in this case were due on August 1, 2011; Petitioner filed objections on July 28, 2011, and Respondent filed a response on August 5, 2011.

---

[1] Also before the Court is Petitioner's Motion for Leave to File Previously Denied Motions [Docket 56]. This motion is **DENIED** in accordance with the order entered September 26, 2011. (Docket 59). Petitioner's Motion to File Supplemental Appendix [Docket 57] is also pending. For reasons appearing to the Court, this motion is **GRANTED**.

## *I. BACKGROUND*

Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on April 28, 2010. (Docket 1). The full factual and procedural history of this case is set forth in the PF&R. Petitioner objected to each of the Magistrate Judge's proposals. The Court will address each in turn.

## *II. STANDARD OF REVIEW*

Pursuant to Fed. R. Civ. P. 72(b), the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. That rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact." "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ. Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).

For Petitioner to obtain federal habeas relief, he must demonstrate that his case meets the requirements of 28 U.S.C. § 2254(d). He must show that the adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### III. OBJECTIONS TO THE PF&R

#### A. *Failure to Preserve Evidence*

Magistrate Judge Stanley disregarded Petitioner's claim regarding failure to preserve evidence. The claim is not listed in the petition, and is "unexhausted and utterly lacking in merit." (Docket 54 at 6.) Petitioner objected, arguing that the matter was raised in the earlier habeas action. (Docket 55 at 1.) The Court agrees with the Magistrate Judge's treatment of this claim, and **OVERRULES** Petitioner's objection.

#### B. *Entrapment Instruction*

Petitioner claims that he was denied a jury instruction on entrapment. The Magistrate Judge found that this ground for relief is without merit because Petitioner's defense theory at trial did not include entrapment. (Docket 54 at 18.) The Magistrate Judge proposed that the Court find that "the state habeas court's decision denying Petitioner habeas corpus relief on the basis of the failure to instruct the jury on the defense of entrapment was neither contrary to, nor an unreasonable application of, clearly-established Federal law, and that Respondent is entitled to judgment as a matter of law." (*Id.* at 18-19.) Petitioner objects, arguing that trial testimony "shows sufficient evidence of inducement." (Docket 55 at 9.) The Court agrees with the Magistrate Judge's analysis of this claim in the PF&R. Petitioner was not entitled to an entrapment instruction because he did not present any evidence that a law enforcement agent induced him to commit the crimes of

3

conspiracy to distribute cocaine and of accessory before the fact of cocaine distribution. Therefore, the Court **OVERRULES** Petitioner's objection on this claim.

C. *Ineffective Assistance*

Petitioner also makes an ineffective assistance of counsel claim; he argues that his counsel failed to seek or request a burden shifting instruction regarding his entrapment defense and that his appellate counsel should have assigned this as error. The Magistrate Judge proposed that the Court find:

> [T]hat the state habeas court's decision denying Petitioner habeas corpus relief on the basis of (1) his attorney's failure to request a jury instruction on the defense of entrapment or (2) his appellate counsel's failure to assign the issue as error, was neither contrary to, nor an unreasonable application of, clearly-established Federal law, and that Respondent is entitled to judgment as a matter of law.

(Docket 54 at 21-22.) Petitioner objects by again arguing that entrapment was raised as a defense at trial. (Docket 55 at 11.) The Court again agrees with the Magistrate Judge's analysis. Petitioner's counsel was not ineffective in his representation because he is not required to request a jury instruction on entrapment when there was no evidence presented for such a defense. Consequently, Petitioner's appellate counsel was not ineffective in refusing to assign as error the lack of a jury instruction on entrapment or the failure to request such an instruction. Accordingly, the Court **OVERRULES** Petitioner's objection.[2]

---

[2] Petitioner notes in his objections that Detective Feltner, who testified at Petitioner's trial, has since been "convicted of Fraudulent Schemes spanning seven years, stealing over 300 thousand dollars." (Docket 55 at 12). He argues that this relates to Detective Feltner's credibility and supports his claim that false testimony was admitted. (*Id.*) Any subsequent legal trouble involving Detective Feltner is irrelevant to the instant matter.

### D. *Confrontation of Witnesses*

Petitioner's next claim is that he was denied his confrontation rights because he was denied the right to cross-examine his co-defendant's recorded statement. Petitioner's counsel at trial objected to the use of a recorded statement on the basis that the recording was of co-defendants who were unavailable for the defense to cross-examine. (Docket 54 at 23.) The Confrontation Clause of the Sixth Amendment to the United States Constitution bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Statements of a co-conspirator during the course of and in furtherance of the conspiracy are not testimonial statements under *Crawford*. *United States v. Sullivan*, 455 F.3d 248, 258 (4th Cir. 2006).

The Magistrate Judge proposed that the Court find "that the state habeas court's decision denying Petitioner habeas corpus relief on the basis of an alleged *Crawford* violation was neither contrary to, nor an unreasonable application of, clearly-established Federal law, and that Respondent is entitled to judgment as a matter of law." (Docket 54 at 25.) Construing Petitioner's objections liberally, he argues that the recorded statement should not have been admitted because the co-conspirators were available to testify at trial. However, whether a person is unavailable to testify at trial is irrelevant when the evidence admitted is not testimonial, as was the case here because the recording was of co-conspirators during the course of and in furtherance of the conspiracy. Thus, the Court **OVERRULES** Petitioner's objection.

### E. *Recusal of Trial Judge*

Petitioner also claims that the trial judge should have recused himself or his counsel should have moved for recusal. Approximately 18 years ago, Paul M. Blake Jr., prosecuted Petitioner on sexual abuse charges in Fayette County. Petitioner pled guilty to aiding and abetting first degree sexual abuse in return for the State dismissing the charge of sexual abuse by a parent. (Docket 54 at 26.) However, five weeks later, Paul M. Blake Jr. instigated a grand jury proceeding which returned another two-count indictment against Petitioner and charged him with first degree sexual assault and use of minors in filming explicit conduct. The second indictment arose out of the same events that led to the first indictment. Petitioner was convicted on these charges, but they were later reversed by the Supreme Court of Appeals of West Virginia based on the mandatory joinder rule. (Docket 54 at 27.) Paul M. Blake, Jr. later became a Circuit Court Judge and presided over Petitioner's trial in the instant case on April 5, 2007. Judge Blake also presided over Petitioner's guilty plea hearing where Petitioner pled to being a recidivist, with the earlier sexual abuse offense as the prior felony. Petitioner's attorney never moved to recuse Judge Blake, but Petitioner filed a pro se "Petition for a Writ of Prohibition" seeking the recusal of Judge Blake, which was refused by the Supreme Court of Appeals of West Virginia. (*Id.*) Petitioner argues that Judge Blake's rulings and comments displayed vindictiveness and bias against him. The Magistrate Judge proposed that the Court find that "the state habeas court's decision denying Petitioner habeas corpus relief on the basis of Judge Blake's failure to recuse himself was neither contrary to, nor an unreasonable application of, clearly-established Federal law, and that Respondent is entitled to judgment as a matter of law." (Docket 54 at 32.)

Petitioner objects, arguing that the second prosecution involving the sexual abuse allegations arising from the same facts shows Blake's vindictiveness. (Docket 55 at 20.) Petitioner also asserts that Judge Blake obstructed the defense in the instant matter. (*Id.* at 20-23).

West Virginia judges are subject to the West Virginia Code of Judicial Conduct. Canon 3(E) of that code address disqualification: a judge should disqualify himself or herself when "the judge's impartiality might reasonably be questioned." Some examples are included in the code: "the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding" and "the judge served as a lawyer in the matter in controversy." While a judge should take appropriate action to withdraw from a case when he or she is biased or prejudiced, judges also have an "equally strong duty to sit where there is no valid reason for recusal." *Tennant v. Marion Health Care Found., Inc.*, 459 S.E.2d 374, 385 (W. Va. 1995) (citations omitted). The Supreme Court of Appeals of West Virginia has held that the standard for recusal is an objective standard where judges "ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Id.* at 386 (citations omitted). The United States Supreme Court similarly stated : "The inquiry is an objective one. The Court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" *Caperton v. A.T. Massey Coal Co., Inc.*, ___ U.S. ___, 129 S. Ct. 2252, 2263 (2009).

Blake's actions as prosecutor, indicting Petitioner in two separate indictments on charges rising from the same factual situation, might at first glance suggest personal bias against Petitioner at that time. However, Judge Blake did not recuse himself from this case, and he was not required

7

to. Judge Blake, as all other judges, knows of the various standards for recusal. The Court cannot delve into Judge Blake's thoughts and discern his exact reasons for deciding that recusal was not appropriate in this instance. However, the Court can look to Judge Blake's actions at trial. When doing so, the Court does not find any suggestion of impropriety. Judge Blake did not have a duty to recuse himself simply based on some minimal, arguable appearance of bias. Further, Judge Blake did not show any sign of bias at Petitioner's trial; he was fair and did not interfere with Petitioner's defense. Therefore, the Court **OVERRULES** Petitioner's objections on this claim.

### F. *Double Jeopardy*

Petitioner claimed that his right against double jeopardy was violated because he was indicted for conspiracy to commit a felony and delivery of a controlled substance. The Magistrate Judge agreed with the state habeas court's decision denying relief on this claim because its "analysis is entirely consistent with the applicable clearly established Supreme Court precedent of *Blockburger v. United States*, 284 U.S. 299, 304 (1932)." (Docket 54 at 35.) Petitioner makes no specific objection here and does not point the Court to any mistake of the Magistrate Judge, nor could he. The Court agrees with the analysis of the state habeas court's decision, and thus, **OVERRULES** this objection.

### G. *Disproportionate Sentence*

Petitioner also claims that he received a disproportionate sentence. The state habeas court denied this claim because Petitioner was sentenced in accord with the proper West Virginia statutes. (Docket 54 at 36). The Magistrate Judge found that the state court's analysis was entirely consistent with the applicable clearly established precedent of *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Petitioner makes no real objection, arguing only that his sentence is "unreasonable" under the facts

of his case. (Docket 55 at 27.) The Court agrees with the Magistrate Judge's treatment of this claim and **OVERRULES** the objection.

### H. Sufficiency of Evidence

Petitioner's final argument is that there was insufficient evidence to convict. The Magistrate Judge found after a thorough review of the entire record that the state habeas court did not err when it denied Petitioner relief on this basis. In his objection, Petitioner argues that the Magistrate Judge evaluated the evidence using the wrong standard—she should have viewed the evidence in the best light for the defense, not the prosecution. (Docket 55 at 29.) The Magistrate Judge used the appropriate standard: the Court reviews the evidence in the light most favorable to the prosecution, and then determines if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979). The Magistrate Judge utilized the proper standard in reaching the correct conclusion on this point, and, thus the Court **OVERRULES** this objection.

### IV. CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections to the PF&R [Docket 55] and **ADOPTS** the PF&R [Docket 54]. Accordingly, the Court **GRANTS** Respondent's Motion for Summary Judgment [Docket 29], **DISMISSES** Plaintiff's petition for a writ of habeas corpus [Docket 1], and **REMOVES** this matter from the Court's docket. A separate Judgment Order will enter this day.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 28, 2011

9

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE